IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATHEW E. COHEN, P.C.,

    Plaintiff/ Counterdefendant,

vs.                                                                             No. CIV 98-544-MV/WWD

KENT YABUKI, Personal
Representative for the Estate
of Mary S. Yabuki, deceased,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend Complaint, filed October 2, 1998 **[Doc. 24]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion will be **GRANTED IN PART AND DENIED IN PART**, as explained below.

## BACKGROUND

According to the Complaint and Answer, Defendant, Kent Yabuki, acting as the Personal Representative for the Estate of his mother, Mary S. Yabuki, retained Plaintiff, Matthew Cohen, P.C., ("Cohen") to handle a dispute between the IRS and the Estate. The retainer agreement provided that Cohen would receive a percentage of any money saved through a successful settlement with the IRS. After working on the case for a year, Cohen brought a settlement offer to Yabuki in February of 1998. Yabuki rejected the offer, terminated Cohen and retained new counsel. The new counsel

1

subsequently obtained a much more favorable settlement for the Estate at substantially less cost in legal fees.

Cohen filed suit against Yabuki, as the Personal Representative of the Estate, in state court on April 15, 1998. Yabuki had the case removed to federal court and filed several counterclaims. Cohen's original Complaint alleges a single count for breach of contract.

On October 2, 1998, Cohen filed the instant motion seeking leave to amend the complaint. Cohen seeks to add a claim for punitive damages against the Estate and seeks to join Kent Yabuki, in his personal and individual capacity, as a new defendant. Cohen's proposed Amended Complaint asserts claims of intentional interference with contract and *prima facie* tort against Yabuki in his personal capacity and alleges *respondent superior* liability for these acts against the Estate.

## STANDARD OF REVIEW

That portion of Plaintiff's proposed Amended Complaint which seeks to add a claim for punitive damages against the current Defendant is governed by Federal Rule of Civil Procedure 15(a) which provides that leave to amend "shall be freely given when justice so requires." However, because this is a case which was removed from state court pursuant to diversity jurisdiction, that portion of Plaintiff's motion which seeks to join a new defendant is governed by 28 U.S.C. § 1447(e). Section 1447(e) states simply: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This section requires heightened scrutiny of a request to amend the complaint if granting the request would destroy diversity jurisdiction. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In such cases, the plaintiff must make a "strong

case for joinder" and the motion may be denied if it appears to the court that the plaintiff is merely attempting to add frivolous claims in an effort to defeat diversity. *See Buttons v. National Broadcasting Co.*, 858 F.Supp. 1025, 1027 (C.D. Cal. 1994); *Jarriel v. General Motors Corp.*, 835 F.Supp. 639, 642 (N.D. Ga. 1993). In addition, the Court may always deny a motion to amend where it appears that the amendment would be "futile." *See First City Bank v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987).

**ANALYSIS**

Defendant has made no argument in opposition to the amendment seeking to add a claim of punitive damages against the Estate. Accordingly, this portion of Plaintiff's motion will be granted.

Defendant does however resist Plaintiff's effort to join Kent Yabuki in his individual capacity as an additional defendant in this case. Defendant asserts that this is merely an effort to defeat diversity of citizenship and, in any event, the amendment would be futile. Defendant points out that diversity of citizenship in this case results from the fact that the deceased was a citizen of California. Kent Yabuki, on the other hand, is a citizen of New Mexico. His addition to the case would therefore defeat diversity jurisdiction. In addition, Defendant asserts that because Kent Yabuki was acting as the Personal Representative of the Estate, he cannot also be sued for the same actions as an individual. Thus, Defendant argues that the proposed amendments are futile.

Defendant's arguments are well taken. The futility and frivolity of Plaintiff's claims against "Kent Yabuki in his individual capacity" are amply demonstrated by the proposed Amended Complaint. Plaintiff asserts that Kent Yabuki, as an individual, interfered with his contractual relations with the Estate. Cohen then asserts *respondent superior* liability against the Estate for these same

3

actions, stating that Kent Yabuki was "also acting in the course and scope of his capacity as agent and Personal Representative." If Yabuki was acting in the scope of his duties as the Personal Representative of the Estate, than how is it possible to characterize him as a "third party" who interfered with the contract between Cohen and Yabuki acting as the Personal Representative of the Estate? Defendant's characterization of this as a "Sybil" theory of liability is well put.

The claim of *prima facie* tort is equally futile. *Prima facie* tort imposes liability where a defendant commits a lawful act "with an intent to injure and without sufficient economic or social justification," and when no other legal cause of action is available. *Lexington Ins. Co. v. Rummel*, 123 N.M. 774, 945 P.2d 992, 995 (1997). In the case at bar, Plaintiff alleges a simple breach of contract claim. A claim of *prima facie* tort in this case would presume that Defendant was within his rights to terminate the contract, but impose liability if the Defendant was motivated by a desire to cause harm to Plaintiff and had insufficient "economic or social justification." Here, Yabuki was under a duty to act in the best interests of the Estate, supporting his decision to terminate Cohen and retain an attorney who could obtain a significantly better settlement for the Estate, clearly a legitimate economic interest. Cohen has pled absolutely no facts which would support the inference that Yabuki took this otherwise lawful action for the purpose of harming Cohen. Cohen's Complaint pleads facts demonstrating a classic arms length transaction. More is necessary to make a claim of *prima facie* tort even remotely viable. *Id*.

Given that the Court finds Plaintiff's proposed amendments meritless, it is further persuaded that the effort to join Kent Yabuki in his individual capacity is nothing more than an attempt to defeat diversity jurisdiction. *Hensgens*, 833 F.2d at 1182; *Jarriel*, 835 F.Supp. at 642. Accordingly, the Court will deny the portion of Plaintiff's motion seeking to join Kent Yabuki in his individual

4

capacity. *First City Bank*, 820 F.2d at 1132; *Hensgens*, 833 F.2d at 1182; *Jarriel*, 835 F.Supp. at 642.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint **[Doc. 24]** is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion to add a claim for punitive damages against the current Defendant is **granted**; Plaintiff's motion to join Kent Yabuki, in his individual and personal capacity, as a new defendant is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint be filed no later than ten (10) days of the date of this Order.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
　　John Tiwald
　　William Madison

Attorneys for Defendant:
　　Benjamin Silva